# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

MIGUEL CASTREJON MARTINEZ,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary of the Department of Homeland Security, et al.,

Respondents.

No. 3:26-cv-6040-BTM-DEB

**ORDER GRANTING IN PART AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

Pending before the Court is Petitioner Miguel Castrejon Martinez's amended petition for a writ of habeas corpus.

**A. Background**

Petitioner, a citizen of Mexico, arrived in the United States on a work visa in 2021. Immigration officers arrested Petitioner on August 14, 2024. Petitioner requested a bond hearing in September 2024, and Petitioner concedes an immigration judge denied bond.[1] Petitioner concedes that a final order of removal was entered against him, and his appeal of that order to the Ninth Circuit is pending.

Petitioner claims his arrest without a warrant or a Notice to Appear was unlawful. Petitioner also challenges as unconstitutionally excessive the length of his detention.

The Government claims that Petitioner's current detention is lawful, and thus that the unlawfulness of his arrest is irrelevant. The Government contends that Petitioner's primary remedy is to seek a new bond hearing.

**B. Discussion**

Here, a final order of removal was entered against Petitioner, and he is appealing that order to the Ninth Circuit. Petitioner's detention is permitted by Congress under Section 1226. Petitioner raises arguments regarding the lawfulness of his arrest. But because his current detention is lawful under Section 1226, the alleged unlawfulness of his arrest does not warrant the grant of habeas relief (that is, Petitioner's release). *Stallings v. Splain*, 253 U.S. 339, 343 (1920) ("Where it appears that sufficient ground for detention exists a prisoner will not be discharged for defects in the original arrest or commitment."); *Tambriz v. Tsoukaris*, No. 26-cv-08188 (KSH), 2026 U.S. Dist. LEXIS 236779, *7 (D. N.J. Oct. 16, 2026) (explaining that release from custody is not the proper remedy for defects in an arrest).

Next Petitioner claims that the length of detention is unconstitutional. The length of Petitioner's detention is considerable, over two years, and the Government does not oppose an order granting Petitioner a bond hearing. In light of the length of Petitioner's

[1] The Government states that Petitioner withdrew his request for a bond hearing.

detention and the Government's non-opposition, the Court will grant Petitioner a bond hearing.

**C. Conclusion**

For the reasons stated, Petitioner's amended petition for a writ of habeas corpus is granted in part. The Government is ordered to grant Petitioner an individualized bond hearing before a fair, neutral, and open-minded Immigration Judge ("IJ"). The IJ shall consider where the Petitioner will reside, who any surety may be, the appropriateness of non-financial conditions, the nine factors for an IJ to consider in an individualized bond hearing from *Martinez v. Clark*, 124 F.4th 775 (9th Cir. 2024), and any other factors the IJ deems relevant in this particular case. *See also In re Guerra*, 24 I&N Dec. 37, 40 (B.I.A. 2006).

The IJ must determine whether the Petitioner is a danger to the community or a flight risk for which there are no conditions available that will deter such risk. If the Petitioner shows by a preponderance of the evidence that he is neither a danger to the community nor a flight risk, the IJ must grant bond. If the IJ denies bond, the judge must make specific findings as to why the Petitioner is a danger to the community or a flight risk, and the Government must make the audio of the hearing available to the Petitioner's counsel.

The hearing must be held within fourteen days of the entry of the Order, unless the Petitioner requests a continuance. The parties shall file a joint status report on the result of the bond hearing within forty-eight (48) hours of the bond hearing. The remedy of release without a bond hearing is DENIED without prejudice. The Court retains jurisdiction to enforce the writ

**IT IS SO ORDERED.**

Dated: November 23, 2026

Barry Ted Moskowitz

Honorable Barry Ted Moskowitz
United States District Judge